I would think that the case, like the one now before us, of a defendant which has been sued and has been validly served with process and thereby actually notified of the suit would logically and especially justify the reasonable-time requirement of Rule 60(b), Ala.R.Civ.P., for that defendant's Rule 60(b)(4) challenge to the sufficiency of that defendant's contacts with the forum state for in personam jurisdiction. The failure of a defendant which has received valid service and actual notice to assert within a reasonable time that it does not have sufficient contacts with the forum state to support in personam jurisdiction should be deemed a waiver of the want of personal jurisdiction. Otherwise, such a defendant can delay its challenge to in personam jurisdiction until the applicable statute of limitations bars the plaintiff from suing in a forum that can obtain in personam jurisdiction over the defendant or until the plaintiff suffers some other substantial prejudice.
The defendants in the case before us do not deny that they were in fact named as defendants in the plaintiff's suit or that they were served with process by certified mail or that they were thereby actually notified of the plaintiff's suit. While one of the defendants contends that the plaintiff meant to sue another entity with a similar name, neither defendant denies that the plaintiff actually did sue each one of these very defendants and did obtain a judgment against each as named in the suit. The wrong-entity contention would be a defense to the merits of the suit not now before us.
The reasonable-time requirement of Rule 60(b) is a procedural requirement for contesting and determining whether a default judgment is a nullity. Thus, this requirement is entirely appropriate to our rule-making power as it applies to defendants which have received valid, actual service of process and notice of suit.
Therefore, I respectfully submit that this Court should not abolish the reasonable-time requirement of Rule 60(b) for challenges to in personam jurisdiction by such defendants. Accordingly, I further respectfully submit that this Court should apply a reasonable-time analysis to these defendants' long and unexplained delay in even acknowledging the suit. Thus, I respectfully dissent.